UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CHRISTIANA TRUST,

    Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC,

    Defendant(s).

Case No.: 2:16-cv-01603-JAD-NJK

**ORDER**

"Calendars are simply too crowded for parties to treat scheduling orders as optional and to submit required court filings at their own convenience." *Martin Family Trust v. Heco/Nostalgia Enterps. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (internal quotations and citation omitted) (imposing sanctions on attorney for failing to file status report by ordered deadline). Pending before the Court is the second order to show cause issued in this case arising out of violation of an order setting a deadline. Docket No. 24.[1]

**I.  STANDARDS**

"Orders are not suggestions or recommendations, they are directives with which compliance is mandatory." *Gfeller v. Doyne Med. Clinic, Inc.*, Case No. 2:14-cv-01940-JCM-

---

[1] The case has since been dismissed on stipulation of the parties. Docket No. 27. The fact that a case has been dismissed does not impact a court's ability to rule on an earlier-issued order to show cause as "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 395 (1990); *see also Burrage-Simon v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 5224885, at *3 (D. Nev. Sept. 8, 2015) (same for sanctions imposed under Rule 16(f) of the Federal Rules of Civil Procedure).

1

VCF, 2015 WL 5210392, at *8 (D. Nev. Sept. 3, 2015) (citing *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979) and *Weddell v. Stewart*, 261 P.3d 1080, 1085 & n.9 (Nev. 2011)). Litigants have an "unflagging duty to comply with clearly communicated case-management orders." *Martin Family Trust*, 186 F.R.D. at 604.

There are several sources of legal authority by which federal courts enforce their orders. Most pertinent here, Rule 16(f) of the Federal Rules of Civil Procedure requires compliance with any "scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(c).[2] Rule 16(f) is "broadly remedial and its purpose is to encourage forceful judicial management." *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986) (*per curiam*).

Rule 16(f) applies regardless of whether the non-compliance with the court order was intentional. *See, e.g.*, *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Similarly, "[i]t is firmly established that sanctions may be imposed for a party's unexcused failure to comply with a Rule 16 order, even if that failure was not made in bad faith." *Hologram USA, Inc. v. Pulse Evolution Corporation*, Case No. 2:14-cv-0772-GMN-NJK, 2016 WL 2757377, at *2 (D. Nev. May 11, 2016) (collecting cases).

Courts "prefer not to spend time lecturing and cajoling violators into compliance through the imposition of sanctions." *Dela Rosa v. Scottsdale Mem'l Health Sys., Inc.*, 136 F.3d 1241, 1244 (9th Cir. 1988). Nonetheless, violations of orders setting deadlines "involve a matter most critical to the court itself: management of its docket and the avoidance of unnecessary delays in the administration of its cases." *Martin Family Trust*, 186 F.R.D. at 603 (quoting *Matter of Sanction of Baker*, 744 F.2d 1440, 1441 (10th Cir. 1984) (*en banc*) (internal quotations omitted)). "Part of the purpose of the sanctioning power–the power at issue here–is to control litigation and preserve the integrity of the judicial process." *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594 (8th Cir. 2001). Judges have a responsibility to enforce the directives laid down for the case:

> Rules are rules–and the parties must play by them. In the final analysis, the judicial process depends heavily on the judge's credibility. To ensure such credibility, a [magistrate] judge must

---
[2] A minute order constitutes an "order" for purposes of Rule 16(f). *E.g.*, *Gfeller*, 2015 WL 5210392, at *8.

> often be firm in managing crowded dockets and demanding adherence to announced deadlines. If he or she sets a reasonable due date, parties should not be allowed casually to flout it or painlessly escape the foreseeable consequences of noncompliance.

*Legault v. Zambarano*, 105 F.3d 24, 28-29 (1st Cir. 1997) (citation omitted). "The court fully understands the pressures of practicing law; however, the court cannot allow attorneys to flout deadlines and escape the foreseeable consequences of doing so." *Rice v. Barnes*, 201 F.R.D. 549, 551 (M.D. Ala. 2001). As the Ninth Circuit has emphasized, a court order setting deadlines "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citations omitted).

When a court determines that Rule 16(f) has been triggered, it has broad discretion in fashioning an appropriate sanction. *See, e.g.*, *Official Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1397 (9th Cir. 1993); *see also* Local Rule IA 11-8 (the Court may impose "any and all appropriate sanctions on an attorney" who violates any order). Violations of orders are "neither technical nor trivial," *Martin Family Trust*, 186 F.R.D. at 603, and can have severe ramifications. Rule 16(f) itself provides that courts may issue "any just orders," including those authorized by Rule 37(b)(2)(A)(ii)-(vii), which include the initiation of contempt proceedings and entry of case-dispositive sanctions. *See* Fed. R. Civ. P. 16(f)(1); *see also Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130-33 (9th Cir. 1987) (affirming dismissal sanction). While not expressly enumerated, the imposition of court fines is within the scope of the "just orders" permitted by Rule 16(f). *See, e.g., Nick*, 270 F.3d at 595-96. Alternative sanctions for counsel to be better prepared to practice in the court, such as the requirement to attend continuing legal education courses, is also within the scope of the "just orders" permitted by Rule 16(f). *See Cabrera v. New Albertson's, Inc.*, 2013 U.S. Dist. Lexis 101497, at *7 n.5 (D. Nev. July 19, 2013); *see also Alternative Sanctions in Litigation*, 47 N.M. L. Rev. 209, 218 (2017) ("Rule 16(f) permits courts to impose alternative sanctions on lawyers, and they freely do so using the rule as authority"). In determining the appropriate sanction, a primary objective is to deter similar misconduct. *See, e.g.*, *Martin Family Trust*, 186 F.R.D. at 604.

3

## II. ANALYSIS

This case was filed more than three years ago. *See* Docket No. 1. Given the lengthy stay of this case, the docket reflects only two primary Court-ordered deadlines for the entirety of the case. Counsel violated both. First, on May 14, 2019, United States District Judge Jennifer A. Dorsey ordered the parties to file a proposed discovery plan and proposed scheduling order by June 28, 2019. Docket No. 15. Despite being provided ample time to comply, the parties violated that order by not filing a proposed discovery plan, which resulted in the issuance of an order to show cause. Docket No. 19. The parties responded to that order to show cause by indicating that they had violated the earlier order because they were engaged in settlement talks and had since settled the case. *See* Docket No. 21. The Court declined to impose monetary sanctions given the circumstances, but admonished the parties and their counsel for violating an order. Docket No. 22. The Court further warned that it "<u>expects strict compliance with all of its orders and deadlines set therein moving forward</u>." *Id.* (emphasis in original).

That warning proved completely ineffective. A few days later, on July 10, 2019, the undersigned ordered the parties to file dismissal papers by September 9, 2019. Docket No. 23. The Court instructed that, "**[g]iven the age of this case, the Court is not inclined to extend this deadline**." *Id.* (emphasis in original). Despite the preceding admonition and being provided ample time to comply, the parties and their attorneys again violated a court-ordered deadline by not filing dismissal papers by that date, which resulted in the issuance of the now-pending second order to show cause. Docket No. 24.

As a threshold matter, the Court was very specific that "Plaintiff, Defendant, Aaron Lancaster, Dana Nitz, Jake Spencer, Jacqueline Gilbert, Karen Hanks, Diana Ebron, and Howard Kim" were required to respond to the second order to show cause. *Id.*[3] Despite that crystal clear order, attorneys of record Dana Nitz, Jake Spencer, and Howard Kim each failed to file a response.[4]

---

[3] Each of these attorneys received electronic notice of the order to show cause through the CM/ECF system. *See* Docket No. 24 (notice of electronic filing). Each of these attorneys is listed as counsel of record on the docket.

[4] This shortcoming is particularly egregious for Mr. Nitz, who was previously sanctioned for similar misconduct of violating court-ordered deadlines and failing to respond to the resulting order to show cause. *See U.S. Bank N.A. v. SFR Investments Pool 1, LLC*, 2018 WL 701816, at

4

Given that these attorneys have provided no justification of any kind for their actions and, in doing so, have violated the second order to show cause itself, the imposition of monetary sanctions is appropriate in addition to the alternative sanction identified below. Given those circumstances, Jake Spencer and Howard Kim must pay a Court fine of $100 each. Given those circumstances, as well as the previous imposition of sanctions and issuance of a warning, *U.S. Bank*, 2018 WL 701816, at *5-6, Dana Nitz must pay a Court fine of $300. These fines are personal to each attorney. Payment of these fines shall be made to the "Clerk, U.S. District Court" by noon on October 21, 2019, and a notice of compliance must be filed by each of these attorneys by that date.

With respect to the parties and the remaining attorneys, they filed a joint response that once again indicates nonchalantly that they should not be sanctioned because they have been working on finalizing settlement. Docket No. 26 at 2. This response trivializes the importance of the Court's orders and fails to recognize that the Court's management of its docket is an issue of critical importance. *E.g.*, *Martin Family Trust*, 186 F.R.D. at 603. As a policy matter, the Court encourages informal resolutions of litigation, *Ahem v. Central Pac. Freight Lines*, 846 F.2d 47, 48 (9th Cir. 1988), but a settlement is not a talisman enabling disregard of clear orders. The Court is well aware that the parties have settled this case and were working on finalizing the same, as that is precisely what prompted the issuance of the order to file dismissal papers by September 9, 2019. Docket No. 23. No reasonable justification has been advanced for failing to comply with that order or failing to seek an extension from the Court. *See U.S. Bank*, 2018 WL 701816, at *4 ("If a deadline cannot be met, the proper course is most assuredly not to simply ignore an order").[5]

---

*5-6 (D. Nev. Feb. 2, 2018) (imposing fine of $100 plus requiring Mr. Nitz to pay one quarter of the costs and attorneys' fees incurred by the opposing party). The Court further "**caution[ed] . . . Mr. Nitz . . . that it expects strict compliance with all Court orders and all applicable rules moving forward, and that failure to comply may result in significant sanctions**." *Id.* at *6 (emphasis in original). When previous sanctions prove unsuccessful in deterring similar misconduct in the future, the natural consequence is that the sanctions are escalated. *See, e.g.*, *Garcia v. Geico Cas. Co.*, 2015 U.S. Dist. Lexis 2155, at *8-10 (D. Nev. Jan. 6, 2015) (quintupling previous sanctions imposed in another case for repetition of similar misconduct).

[5] The joint response evidences a fundamental misunderstanding in asserting that counsel "apologize for not notifying the Court regarding the status of the settlement and filing dismissal papers." Docket No. 26 at 2. The Court issued an order imposing a deadline. If counsel were unable to meet that deadline, they needed to do more than simply "notify" the Court; they needed to file a request for an extension and obtain relief from the Court. *See* Local Rule 7-1(b).

Because no legitimate reason has been advanced for violating the Court's order setting the subject deadline, attorneys Aaron Lancaster, Mr. Nitz, Mr. Spencer, Jacqueline Gilbert, Karen Hanks, Diana Ebron, and Mr. Kim must each attend four hours of continuing legal education regarding federal practice and procedure within the next six months. The continuing legal education must meet the following criteria: (1) it must be approved by the state CLE authorities, (2) it must be in a live classroom setting, and (3) it must not be counted toward, and will be in excess of, these attorneys' CLE requirements for the Nevada Bar or any other state bar to which these attorneys belong. *Cf. Petrish v. JP Morgan Chase*, 789 F Supp. 2d 437, 456 (S.D.N.Y. 2011). No later than April 13, 2020, each of these attorneys must file a separate declaration attesting to the completion of the required courses and attaching copies of the certificates of attendance for each course.

**THE COURT EXPECTS STRICT COMPLIANCE WITH ITS ORDERS IN THE FUTURE. FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN THE IMPOSITION OF ADDITIONAL SANCTIONS AND/OR THE INITIATION OF CONTEMPT PROCEEDINGS.**

### III. CONCLUSION

The second order to show cause is hereby **RESOLVED** as outlined above. Monetary and alternative sanctions are **IMPOSED** on counsel as identified above and, in all other respects, the second order to show cause is **DISCHARGED**.

IT IS SO ORDERED.

Dated: October 7, 2019

                                                                                   _____
                                                                                   Nancy J. Koppe
                                                                                   United States Magistrate Judge